IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 02-cv-02366-MSK-BNB

ROBERT W. SCHRIER, M.D.,

      Plaintiff,

v.

UNIVERSITY OF COLORADO;
ELIZABETH HOFFMAN, in her official capacity as President of the University of Colorado;
RICHARD D. KRUGMAN, M.D., in his official capacity as Dean of the University of Colorado Health Sciences Center; and
JAMES H. SHORE, M.D., in his official capacity as Chancellor of the University of Colorado Health Sciences Center,

      Defendants.
_____

**OPINION AND ORDER DENYING MOTION FOR JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Judgment Re: District Court's 2/19/03 Order **(# 116)**, and the Plaintiff's response **(# 120)**; and the Defendants' Unopposed Motion for Extension of Time to File Reply **(# 125)**. The Court finds that the matters presented by the initial motion are sufficiently briefed by both sides, and thus, no reply is necessary.

On February 5, 2003, with the consent of both parties under 28 U.S.C. § 636(c), this Court referred **(# 18)** the Plaintiff's Motion for Preliminary Injunction to Magistrate Judge Boland for a hearing and recommendation. As clarified **(# 23)** later by the Court, that Order also directed the Magistrate Judge to consolidate the preliminary injunction hearing with proceedings on the Plaintiff's request for a permanent injunction, as permitted by Fed. R. Civ. P. 65(a)(2), and to

issue a recommendation under 28 U.S.C. § 636(a) and (b) as to the disposition of the request for a permanent injunction.

The Magistrate Judge conducted the hearing, and on May 19, 2003, Magistrate Judge Boland denied **(# 72)** the Plaintiff's request for a preliminary injunction. The Order did not, however, address the Plaintiff's request for a permanent injunction, and the Defendants promptly moved **(# 74)** this Court to direct the Magistrate Judge to issue a recommendation as to the permanent injunction. Deeming the Defendants' motion to essentially be one for clarification, his Court referred **(# 75)** the motion to Magistrate Judge Boland. On June 12, 2003, Magistrate Judge Boland denied **(# 78)** the Defendants' motion, citing the existence of issues of fact to be tried by a jury and stating that "no further recommendation under 28 U.S.C. § 636(a) and (b) concerning [the Plaintiff's] right to a permanent injunction is possible or appropriate." The Defendants did not seek this Court's review of the June 12, 2003 ruling by Magistrate Judge Boland within 10 days as required by Fed. R. Civ. P. 72(b).

In the instant motion, the Defendants request that this Court "direct[ ] the Magistrate Judge to issue a recommendation with respect to Plaintiff's request for a permanent injunction." However, it is clear that the Magistrate Judge has already done so: on June 12, 2003, he recommended that disposition of the request be deferred pending consideration of certain factual issues by the jury. The Defendant did not timely file objections to that recommendation, and thus, by application of the well established "firm waiver rule" in this Circuit, has waived any further review of the matter. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Although the firm waiver rule has been generally applied by the Circuit Court to preclude appellate review of District Courts' adoption of un-objected to recommendations, Rule 72(b)states that "The district judge . . . shall make a de novo determination . . . of any portion of

the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."  Thus, this Court could properly refuse to review Magistrate Judge Boland's recommendation at all.  *See e.g. Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991), *citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("district court need not review unchallenged magistrate's report at all . . .").

In any event, this Court has reviewed the Magistrate Judge's recommendation that entry of judgment on the permanent injunction request be deferred pending resolution of certain factual disputes at trial under a "clearly erroneous or contrary to law" standard.  *Id.* (court may review un-objected to recommendation under any standard it deems appropriate).  The Court finds nothing in the Magistrate Judge's reasoning that rises to that standard.  The Court is particularly persuaded by the fact that, in affirming the denial of a preliminary injunction, the 10th Circuit cited two particular defects: (i) the Plaintiff's failure to show a likelihood of success on the merits; and (ii) the Plaintiff's failure to show irreparable injury, in the sense that "his removal as Chair <u>during the time it will take to litigate this case</u> will have an irreparable effect."  *Schrier v. University of Colo.*, 427 F.3d 1253, 1266-67 (10th Cir. 2005) (emphasis added).  Although these findings are sufficient to deny provisional relief, neither one is dispositive as to the merits of the request for a permanent injunction, which is awarded only if the Plaintiff <u>actually</u> succeeds on the merits, and only upon a showing of irreparable injury that will occur <u>in the future</u>.  Because resolution of the issues involving the preliminary injunction are not necessarily dispositive of the request for a permanent injunction, the Magistrate Judge did not err in recommending that resolution of the permanent injunction request be deferred.[1]

---

[1] This is not to say that future proceedings on the request for a permanent injunction will necessarily give the Plaintiff a full second bite at the apple.  The parties are advised that the Court intends to strictly apply Fed. R. Civ. P. 65(a)(2), which provides that "any evidence received upon

Accordingly, the Defendants' Motion for Judgment **(# 116)** is **DENIED**. The Defendants' Unopposed Motion for Extension of Time **(# 125)** is **DENIED AS MOOT**.

Dated this 30th day of November, 2005

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

---

an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."