IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 02-cv-02366-MSK-BNB

ROBERT W. SCHRIER, M.D.,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,
ELIZABETH HOFFMAN, in her official capacity as President of the University of Colorado,
RICHARD D. KRUGMAN, M.D., in his official capacity as Dean of the University of Colorado Health Sciences Center, and
JAMES H. SHORE, M.D., in his official capacity as Chancellor of the University of Colorado Health Sciences Center,

    Defendants.

## ORDER DENYING MOTION TO EXCUSE PLAINTIFF FROM ATTENDING FINAL PRETRIAL CONFERENCE OR TO APPEAR AT THE FINAL PRETRIAL CONFERENCE BY TELEPHONE

**THIS MATTER** comes before this Court on the Plaintiff's Unopposed Motion to Excuse Plaintiff's Attendance at the Final Pretrial Conference, or, in the Alternative, to Permit Plaintiff to Appear Via Telephone (**# 183**)(Motion).  The Court being advised in the foregoing,

**FINDS** that good cause does not exist to grant the relief requested.  The Motion recites that the Plaintiff is currently in Munich, Germany conducting collaborative research and that the Plaintiff will be in out of the country until November 15, 2006.

In the early stages of the litigation process, parties often do not appear at hearings or scheduling conferences.  However, from the Final Pretrial Conference onward, every party's physical presence is required at all court proceedings in order to ensure the party's participation in

"on the spot", strategic and tactical decision making (which decisions are often recited in open court), to consider and discuss with counsel the practical realities of trial and the effect of particular court orders, and to be available for discussion of settlement options.

The Order setting the Final Pretrial Conference was issued on March 15, 2006, some seven months, ago. The Motion does not reflect that the Plaintiff was unaware of his obligation to attend the Final Pretrial Conference at the time that he chose to participate in overseas research, nor that due to circumstances beyond his control, he is unable to attend the scheduled hearing. The most that the Court can discern from the motion is that it would be inconvenient for the Plaintiff to attend.   Inconvenience created by Plaintiff's scheduling decisions does not constitute good cause to excuse his appearance or to allow him to appear by telephone.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion to Excuse Plaintiff's Attendance at the Final Pretrial Conference, or, in the Alternative, to Permit Plaintiff to Appear Via Telephone (**# 183**) is **DENIED.**

Dated this 13th day of September, 2006

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge